IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAINEL A.G.J., | Civil No. 1:26-cv-02939-MWJS |
| Petitioner, | ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |
| vs. | |
| | A# 246-588-611 |
| WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER, *et al.*, | |
| Respondents. | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Rainel A.G.J.[1] is an immigration detainee proceeding with a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "petition"), Dkt. No. 1, and an application for temporary restraining order (the "TRO application"), Dkt. No. 2.

When Petitioner was granted parole to enter the United States in January 2023, the government assessed that he was neither a flight risk nor a danger to the community. That flight risk assessment appears to have been well-founded. As Petitioner notes, he suffers from chronic medical conditions following a motorcycle accident in 2019, which required four complex surgeries and left him physically limited.

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

The government does not dispute that these injuries make him an especially low flight risk. And to this day, there is no final order of removal against him. As for danger to the community, Petitioner acknowledges that he has a "single prior conviction" for a charge of driving under the influence—the date of which is not clear in the current record—but he explains that "he paid all fines and the case is closed." Dkt. No. 1, at pg. 2. Respondents do not, in their opposition to the petition, suggest that this single prior conviction makes Petitioner a danger to the community.

Nonetheless, on November 24, 2025, while he was working, and without any notice, process, or explanation of why his circumstances might have changed, Petitioner was apprehended by immigration authorities at a gas station in Buffalo, New York. Petitioner alleges that his arrest was so "violent" and "severe" that "it resulted in his hospitalization for nine days," Dkt. No. 1, at pg. 1—allegations Respondents do not dispute. Following his arrest and hospitalization in New York, Petitioner was transferred to a facility in Texas, and then to his current location, the California City Immigration Processing Center. And just as the government gave him no prior opportunity to forestall his arrest and detention, it has given him no procedural opportunity to challenge his detention in the nearly six months that he has been in immigration custody.

Petitioner now invokes this court's habeas jurisdiction, contending that his arrest and detention, without any pre-deprivation process, violate his constitutional due

process rights.  *Id.* at pgs. 8–9.  Many district judges, both in this district and others, have granted relief in cases analogous to this one.  *See, e.g., Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:25-cv-02821-MWJS, 2026 WL 1049713 (E.D. Cal. Apr. 17, 2026); *Garcia Mariagua v. Chestnut*, No. 1:25-cv-01744, 2025 WL 3551700 (E.D. Cal. Dec. 11, 2025); *Ortega v. Noem*, No. 1:25-cv-01663, 2025 WL 3511914 (E.D. Cal. Dec. 8, 2025); *see also Robles-Rodriguez v. Lyons*, No. 1:25-CV-02001, 2026 WL 303482 (E.D. Cal. Feb. 4, 2026).  The court has considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent.  To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an Order to Show Cause, affording Respondents an opportunity to identify "any factual or legal issues in this case that distinguish it from the decisions cited above."  Dkt. No. 5.  The court appreciates Respondents' timely and candid opposition.  Dkt. No. 7.  Although Respondents maintain that Petitioner's detention is lawful, they agree that the factual and legal issues in this case are not substantively distinguishable from those in the precedents cited above.  Dkt. No. 7.  Respondents confirm that their opposition serves as their response to the petition, and they do not request a hearing.  *Id.* at pg. 1.[2]

---

[2]    Respondents do, however, ask the court to hold this matter in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), Dkt. No. 7, at pg. 2, which presents the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered

3

Given the lack of any factual or legal issues in this case that would distinguish it from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count 2, for the reasons stated in those prior orders.  Because it is unnecessary to resolve the other count in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Rainel A.G.J. (A# 246-588-611) from their custody.  Respondents shall not impose any additional restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel

the country without inspection and who were not apprehended by immigration authorities before their detention in 2025.  Those are not the factual circumstances presented here.  The record reflects that the government initially detained Petitioner in 2021, then released him on his own recognizance under § 1226(a) after implicitly determining that he did not pose a flight risk or a danger; when they arrested and detained him in 2026, they purported to do so under § 1225(b) even though they had previously released him under § 1226(a).  Given the factual differences between this case and *Rodriguez*, and the nature of the relief Petitioner seeks, the court declines to hold this case in abeyance pending the resolution of the *Rodriguez* appeal.

present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.  This order resolves all pending motions.

 IT IS SO ORDERED.

DATED:  April 22, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-02939-MWJS;  *Rainel A.G.J. v. Warden, California City Detention Center, et al.*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS